UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER WILLIS, | ) | |
| | ) | Case No. 4:14-cv-14941 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| FIRST CAPITAL RECOVERY, INC., | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, CHRISTOPHER WILLIS, by and through his attorneys, and for his Complaint against the Defendant, FIRST CAPITAL RECOVERY, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Saginaw, Michigan.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a corporation of the New York, which is not licensed to do business in Michigan, and which has its principal place of business in Buffalo, New York.

## FACTS COMMON TO ALL COUNTS

9. On or about November 3, 2014, an employee, agent and/or representative of Defendant, placed a telephone call and left a voicemail message for Plaintiff in an attempt to collect the alleged debt.

10. Plaintiff subsequently returned Defendant's telephone call. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant, that he was represented by a law firm with respect to the alleged debt and provided his attorneys' contact information. The employee, agent and/or representative of Defendant stated to Plaintiff that bankruptcy would not do anything to take care of the debt, and refused to take down his attorneys' contact information.

11. During or about early December of 2014, an employee, agent and/or representative of Defendant, who identified herself as "Stacey Swanson," placed a telephone call and left a voicemail message for Plaintiff in an attempt to collect the alleged debt. Stacey Swanson stated the following in said voicemail message: "Christopher Willis, this is Stacey Swanson. This is my second time giving you a call in regards to paperwork I received attached to your name and social [inaudible] to verify income. I didn't get any correspondence back from yourself or your represented party. I have no choice but to forward the information gathered [inaudible] back to my client to [inaudible] within State jurisdiction. I have going to your file [sic] until Friday, which is December 5. After that time [inaudible] is not going to be an option for you with my office. The contact number is 877-750-9236. My extension is 520. The ID number is 2661***** [inaudible]."

12. Plaintiff was in the United States Navy, and in 2005 he was in active duty. Upon Plaintiff's return from active duty, the United States Department of Veterans Affairs diagnosed Plaintiff with stress anxiety. Plaintiff currently takes four medications for his stress anxiety. Defendant's telephone calls severely exacerbated Plaintiff's stress anxiety.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

**COUNT I**

15. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

18. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

19. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

20. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

21. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

22. Defendant violated 15 U.S.C. § 1692e(3) by falsely representing or implying that Defendant's representative was an attorney or was communicating on behalf of an attorney.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

23. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

24. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

25.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

26.    Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

27.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

28.    Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in every communication with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

29.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

30.    Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

CHRISTOPHER WILLIS

By: /s/ Morris B. Lefkowitz
Morris B. Lefkowitz
Michigan Attorney No. P31335
Attorney for Plaintiff
Lefkowitz Law Group
24100 Southfield Road
Suite 203
Southfield, MI 48075
Phone: (248) 569-0180
Fax: (248) 559-0175
morrie@lefkowitzlawgroup.com