UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHRISTOPHER WILLIS,

        CASE NO. 1:14-CV-14941

*Plaintiff,*

        DISTRICT JUDGE THOMAS L. LUDINGTON
v.        MAGISTRATE JUDGE PATRICIA T. MORRIS

FIRST CAPITAL RECOVERY, INC.,

*Defendant.*
_____/

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. 11)

**I. Introduction**

Plaintiff filed the instant case on December 30, 2014. (Doc. 1.) Plaintiff's complaint avers eight Counts, all asserting violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692. Pretrial matters were referred to the undersigned magistrate judge on January 12, 2015. (Doc. 3.) Certificates of service of process returned executed as to Defendant First Capital Recovery, Inc. were filed, indicating Defendant's answer was due on March 26, 2015. (Docs. 4, 5.) No answer was filed, and Plaintiff requested and received a clerk's entry of default which was filed on April 22, 2015. (Doc. 8.) On May 14, 2015, Plaintiff filed the instant motion for default judgment. (Doc. 11.)

**II. Analysis**

I suggest that Plaintiff is entitled to default judgment. Default can occur when the defendant fails to appear in a case, or having appeared, fails to answer

1

the complaint or otherwise defend against it. Fed. R. Civ. P. 55(a); *see also* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2681 (3d ed. 1998). The procedures for entering a default judgment are formalized in the Federal Rules, having taken shape from historical *pro confesso* decrees in equity and *nil dicit* judgments at law. *See* 10A Wright & Miller*, supra* § 2681; *see also* Robert Wyness Millar, *Civil Procedure of the Trial Court in Historical Perspective* 367 (1952) (discussing the history of default judgments and noting, "A decree *pro confesso* for want of an answer after due service of process was thus the general rule of the American chancery practice").

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, a two-step procedure is required to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once this step has been completed, a plaintiff may proceed to request entry of a default judgment. Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

There are some limitations on the entry of default judgments with certain classes of defendants. "A default judgment may be entered against a minor or

incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Furthermore, a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d).

The default entry is distinct from the subsequent default judgment. Fed. R. Civ. P. 55. For the clerk to enter default, the requesting party must provide an affidavit with specific information. Fed. R. Civ. P. 55(a); E.D. Mich. LR 55.1. "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." *Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353, 354 (D. Md. 1996). In the instant case, a proper default was requested, with an attached affidavit attesting to proper service of process (Doc. 7,) and it was properly entered by the clerk's office. (Doc. 8.) Despite many opportunities to plead or otherwise defend the instant action, Defendant has failed to do so. There is no evidence that any of the Defendants are an incompetent, minor, member of the armed services, or officer of the United States.

As to the amount of damages, under 15 U.S.C. § 1692k(1), Plaintiff is entitled to actual damages, which may include emotional distress damages. In addition, a successful Plaintiff is entitled to statutory damages in the amount of $1000 under the FDCPA. 15 U.S.C. § 1692k(2). Finally, a debt collector who fails to comply with the FDCPA is liable for the costs of litigation, together with a reasonable attorney's

3

fee. 15 U.S.C. § 1692k(a)(3). The court has broad discretion to determine what is a reasonable hourly rate and may adjust attorney fee rates to the local market rates. *Swans v. City of Lansing*, 65 F. Supp. 2d 625, 647 (W.D. Mich. 1998).

Plaintiff's motion for default judgment lists damages in the amount of $13,697.50, representing $1,000 statutory damages, $10,000 actual damages, $2,152.50 attorney fees, $400 court costs, and $145.00 process server costs. (Doc. 11 at ID 28.) Plaintiff includes a declaration, under penalty of perjury, by Plaintiff, attesting to the eight violations of the FDCPA as alleged in the complaint. (Doc. 11 at ID 37-39) and Plaintiff provides a chart showing how the allegations in the complaint are supported by the statements in the declaration. (Doc. 11 at ID 32-33.) Plaintiff's complaint and declaration set forth how Plaintiff's anxiety after having served in the United States Navy, was exacerbated as a result of Defendant's conduct, causing high blood pressure and sickness, as well as increased stress anxiety, in support of his claim for $10,000 actual damages. (Doc. 11 at ID 34.) Plaintiff's counsel also provides a declaration and statement of time entries reflecting all work done in furtherance of Plaintiff's case, and listing hourly rates from $100-$300 per hour, depending on the skill level of the person performing the work. (Doc. 11 at ID 40-44.)

I suggest that the hourly rates and time spent on the case was well-supported and reasonable such that the full amount of attorney fees and costs should be awarded. In addition, Plaintiff is entitled to statutory damages. However, I suggest that the amount requested for emotional distress damages, $10,000, is higher than

4

generally countenanced in this and our sister districts where awards are usually for $5000 or less. *See Hollback v. Rothman Mediation Services, LLC*, No. 2:130cv-1264, 2014 WL 3889473, at *1 (S.D. Ohio Aug. 7, 2014) (awarding total damages of $10,285.00, representing $1000 statutory damages, $200 in statutory damages, and $5000 in noneconomic damages, $3685 in attorney fees, and $400 in costs); *Johnson v. Tri-State Financial Enterprises, LLC,* No. 12-CV-14637, 2014 WL 1304719, at *4 (E.D. Mich. Mar. 11, 2014) (awarding a total of $8,525.50, representing $3000 actual damages, $1000 statutory damages, $4,525.50 in attorney fees and costs); *Rohn v. Commercial Recovery Systems, Inc.,* No. 13-cv-10780, 2013 WL 6195578, at *7 (E.D. Mich. Nov. 26, 2013) (awarding $6,563.50, representing $1000 statutory damages, $3000 actual damages, and $2,198.50 in attorney fees and $365.00 in costs); *Harding v. Check Processing, LLC*, No. 5:10CV2359, 2012 WL 1097642, at *2-3 (N.D. Ohio Mar. 22, 2011) (holding that where the record is limited as to support for non-economic damages, $5000 sufficiently compensates a plaintiff for emotional distress suffered as a result of improper debt collection under the FDCPA) (citing *Perkins v. American Assoc., LLC*, No. CV-10-8021-PCT-PGR, 2010 WL 4922916 (D. Ariz. Nov. 29, 2010)). I therefore suggest that the emotional distress damage award be limited to $5000 rather than the $10,000 requested.

Accordingly, I recommend that the motion for default judgment be granted for $5000 less than the full amount requested, i.e., $8,697.50.

### III. Conclusion

For all the reasons stated above, I therefore recommend GRANTING Plaintiff's motion for default judgment. (Doc. 11) and awarding a total of $8,697.50 in total damages.

### IV. Review

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

6

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 20, 2015                  S/ PATRICIA T. MORRIS
                                             Patricia T. Morris
                                             United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: May 20, 2015                  By s/Kristen Krawczyk
                                             Case Manager to Magistrate Judge Morris